UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| v. ) | Case No. CR410-160 |
| ) | |
| HEZEKIAH MURDOCK, ET AL. ) | |

## ORDER

Before the Court in this drug conspiracy case is defendant Hezekiah Murdock's "motion to sever" under Fed. R. Crim. P. 8. Doc. 226. He is *not* seeking a separate trial from his co-defendants. Rather, he merely wants to break up one count -- for conspiracy, under Count One -- into two. He argues that the indictment is facially alleging one but substantively alleging two separate conspiracies, so it is unfair to lump them together as one. The government has filed an opposition brief, doc. 240, to which Murdock has replied. Doc. 266.

I.   BACKGROUND

The government alleges that Murdock engaged in a multi-year drug conspiracy that ultimately led to charges against 32 defendants in this

and a related case. Doc. 1; *see also United States v. Gweh*, No. CR410-159 (S.D. Ga. filed June 10, 2010). Count One of its indictment charges Murdock with "Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances," in violation of 21 U.S.C. § 846. Counts Two through Six charge "Possession with Intent to Distribute" marijuana, in violation of 21 U.S.C. § 841(a)(1), while Counts Seven through Twenty-Six, and Thirty-Three to Thirty-Eight, charge him with the illegal use of a communications facility to facilitate the possession/distribution conspiracy in violation of 21 U.S.C. § 843(b). This case is still in the pretrial motions stage; no trial date has been set.

## II. ANALYSIS

Murdock focuses on Count One. It alleges that Murdock and 11 other defendants,

> aided and abetted by each other and by others known and unknown, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, with some joining in the conspiracy earlier and others later, to possess with intent to distribute and to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a schedule I controlled substance, [and] quantities of 3, 4-methylenedioxymethamphetamine, commonly known as "ecstasy," a schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All done in violation of Title 21,

United States Code, Section 846 and Title 18, United States Code, Section 2.

Doc. 50 at 2-3.[1]

Murdock maintains that this "single conspiracy count plainly consists of multiple conspiracies, which should be set forth in separate counts pursuant to the mandate of [Rule 8(a)]. Subjecting Defendant to trial on the improper multiple conspiracy charge would result in extreme prejudice to Defendant." Doc. 226 at 2. By "multiple," Murdock means two conspiracies -- one for marijuana distribution and the other for ecstasy. Docs. 226 & 266.

For the remainder of his motion's factual underpinnings, Murdock departs from the "indictment facts" and borrows the factual assertions contained in a DEA agent's Wiretap Act affidavit *Id.* at 3-4. Boiled down, he insists that the affidavit shows he had nothing to do with any drug beyond marijuana. *Id.* at 3-4. "The only references to 'ecstasy' in the Affidavit are in relation Herbert Carter, who had been arrested for possession of marijuana and ecstasy, and Jacob Varner, who was alleged

---

[1] The Court inserted the word "and," as its omission appears to be an oversight.

to receive shipments of marijuana, cocaine, codeine and ecstasy." *Id.* at 4.

Otherwise, Murdock concludes, "[t]here are no facts to show that Defendant entered into any alleged agreement with any of the co-defendants to sell ecstasy." *Id.* at 7. Hence, "the risk of erroneous conviction of Murdock at trial and potential variance [between what is alleged in the indictment and what the government adduces at trial] constitutes sufficient grounds to support an order directing the Government to allege the [marijuana and ecstasy] conspiracies in separate counts." Doc. 266 at 4-5.

Under Rule 8(a), "an indictment . . . may charge a defendant in *separate* counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, *or are connected with* or constitute parts of a common scheme or plan." Rule 8(a) (emphasis added). In contrast, Rule 8(b) says an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the *same series* of acts or transactions, constituting an offense or offenses. The defendants may be charged in *one or more* counts together or separately." Rule 8(b)

(emphasis added).[2] Murdock also cites Fed. R. Crim. P. 14(a), which says that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts,

---

[2] As one treatise explains:

> The case law is relatively clear that in cases involving multiple defendants, the propriety of joinder is tested by Rule 8(b) alone and that Rule 8(a) has no application. It is hard to get this reading from the text, and it may not have been the reading that the drafters of Rule 8 intended. Moreover, it is taken for granted that that felony and misdemeanor charges may be joined against multiple defendants, even though the provision of the rule authorizing this is in Rule 8(a) but not in Rule 8(b). And so while a few courts have said that Rule 8(a) has or may have some limited applications in multi-defendant cases, the balance of judicial authority is otherwise.

1A CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE & PROCEDURE § 144 (2010) (footnotes omitted). The Eleventh Circuit variously reads Rule 8(a) and Rule 8(b) together. *United States v. Dominguez*, 226 F.3d 1235, 1239-40 (11th Cir. 2000) ("The drug-related and mortgage fraud-related charges in this case were properly joined under rule 8(a)"); *id.* at 1239 n. 4 ("Rule 8(a) governs the joinder of multiple offenses, and Rule 8(b) governs the joinder of multiple defendants. . . . [F]or the purposes of our discussion of Rule 8(a), the governing principles are the same."). Rule 8(b), in that regard,

> is a pleading rule. *United States v. Morales*, 868 F.2d 1562, 1567-68 (11th Cir. 1989). The rule permits two or more defendants to be charged in the same indictment if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). *See also United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir.2004); *United States v. Liss*, 265 F.3d 1220, 1227 (11th Cir.2001); *United States v. Andrews*, 765 F.2d 1491, 1496 (11th Cir.1985). The rule is "to be construed liberally in favor of joinder." [*United States v. Bryan*, 843 F.2d 1339, 1342 (11th Cir.1988)]. In analyzing a Rule 8(b) claim, the court looks only to the indictment in order to determine if the initial joinder was proper. *Liss*, 265 F.3d at 1228; *Morales*, 868 F.2d at 1567; *Andrews*, 765 F.2d at 1496.

*United States v. Scrushy*, 237 F.R.D. 464, 466 (M.D. Ala. 2006).

sever the defendants' trials, or provide any other relief that justice requires." Rule 14(a).³

Murdock cites the Eleventh Circuit's "wheel conspiracy" analysis:

> For a wheel conspiracy to exist those people who form the wheel's spokes must have been aware of each other and must do something in furtherance of some single, illegal enterprise. *Blumenthal v. United States*, 332 U.S. 539, 556-57, 68 S. Ct. 248, 256-57, 92 L. Ed. 154 (1947). Otherwise the conspiracy lacks "the rim of the wheel to enclose the spokes." *Kotteakos v. United States*, 328 U.S. 750, 755, 66 S. Ct. 1239, 1243, 90 L. Ed. 1557 (1946). If there is not some interaction between those conspirators who form the spokes of the wheel as to at least one common illegal object, the "wheel" is incomplete, and two conspiracies rather than one are charged.

*United States v. Fernandez*, 892 F.2d 976, 986 (11th Cir. 1989). "Similar to the alleged conspiracy in *Fernandez*," Murdock argues, "there is simply no overarching conspiracy in this case with the objects of distributing marijuana and ecstasy involving Defendant." Doc. 226 at 8. He further points out that "[t]he multiplicity of alleged conspiracies is evidenced by the fact that only [Murdock] and [another defendant, Terry] Damon are named in the substantive possession counts. For these reasons, the alleged conspiracy to possess with intent to distribute

---

³ "A Rule 14 claim assumes that the initial joinder of the defendants was proper but challenges their joint trial as unduly prejudicial. *See United States v. Bryan*, 843 F.2d 1339, 1342 (11th Cir. 1988)." *Scrushy*, 237 F.R.D. at 466. For the same reasons set forth in *Dominguez*, 226 F.3d at 1238 n. 3, it is not necessary to apply Rule 14 here.

6

and to distribute marijuana constitutes a separate alleged offense from the alleged conspiracy to possess with intent to distribute and to distribute [ecstasy],[4] and should be severed pursuant to Rule 8(a)." Doc. 226 at 8 (footnote added).

The Eleventh Circuit has delineated some fairly loose parameters here. *See, e.g., United States v. v. Dominguez*, 226 F.3d 1235, 1237 (11th Cir. 2000) (drug-related charges could be joined in same indictment with mortgage fraud charges, on theory that these two sets of offenses "constituted parts of a common scheme," based upon evidence that defendant had submitted fraudulent income tax returns when applying for mortgage loans in order to conceal fact that his income had been derived from narcotics activity). Thus, an indictment alone may *appear* to reflect an improper joinder of charges, *id.* at 1238 (agreeing that, based on the indictment alone, "there is no explicit connection between the [drug-related and mortgage fraud-related] charges," and they did not appear to be "based on the same act or transaction") (quotes omitted), when in fact it does not. And very little connective tissue must be pled, let alone later shown: "the fact that one illegal activity [Dominguez

---

[4] Murdock's counsel wrote "marijuana" here but the Court presumes this is a typo and that he meant to say "ecstasy."

7

submitted fraudulent mortgage income tax returns to conceal his illegal drug activities] provided impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes." *Id.* at 1239. Hence, joinder was permitted there, upon a relatively attenuated link (at least on paper) between otherwise demonstrably distinct charges. *Id.*

The instant indictment accuses Murdock of conspiring to deal in *illegal drugs,* and that he didn't much care what *kind* of drugs, so long as he could make money selling them. So it may be true that the lion's share of what he dealt was marijuana, and perhaps only incidentally (even marginally) ecstasy. But that does not necessarily mean that the alleged conduct constitutes two separate conspiracies warranting Rule 8 severance. *Dominguez*, for that matter, provides a useful summarization of *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990), a case that bears many parallels:

> In *Weaver*, we held that the initial joinder of parties was improper under Rule 8(b) because the defendants-appellants were charged only in a cocaine conspiracy. The indictment had also charged a marijuana conspiracy, which, as the government conceded, represented a separate transaction. After examining the face of the indictment, we explained that the "conspiracies did not overlap *temporally*" and only two of the nine defendants who went to trial were charged with the marijuana conspiracy. *See Weaver*, 905 F.2d at 1477. Notwithstanding the misjoinder, the convictions were affirmed on harmless error grounds. *See id.* at 1478. The

8

misjoinder was rendered harmless because the trial court severed the marijuana charges from the cocaine charges during the fifth day of testimony, and gave cautionary instructions to the jury when it proceeded with the trial of the cocaine charges. *See id*. at 1478.

*Dominguez*, 226 F.3d at 1240 n. 5 (emphasis added).

Here the indictment pleads one conspiracy, not two time-separated conspiracies. It may be that the indictment is pleading one thing and the government's trial evidence proves another, but a DEA agent's affidavit is simply not trial evidence. Nor is the government required to adduce its trial evidence now, much less its trial strategy. And its burden is not particularly high. Indeed,

> Rule 8(a) allows joinder of offenses against a single defendant that "are of the same or similar character," even if such offenses do *not* arise out of the same series of acts or transactions. *United States v. Kopituk*, 690 F.2d 1289, 1312 (11th Cir. 1982), *cert. denied*, 463 U.S. 1209, 103 S. Ct. 3542, 77 L.Ed.2d 1391 (1983). Rule 8(a) is not limited to crimes of the "same" character but also covers those of "similar" character, which means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980) (quoting Webster's New International Dictionary (2d ed.)).

*United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (emphasis added).

That is what the indictment here essentially alleges -- that a single defendant engaged in an "offense" (conspiracy) to deal in drugs which

did not necessarily "arise out of the same series of acts or transactions" but nevertheless encompassed them. Still, as the government's evidence unfolds at trial, Murdock may renew is motion for severance, if not also (as in *Dominguez*), for instructions about separate conspiracies, though cause for an instruction might not also justify Rule 8 severance. *United States v. Cadicamo*, 2009 WL 141507 at * 2 (M.D. Fla. Jan. 21, 2009) ("The charged offenses are properly joined. Thus, the Government alleges that the witness tampering and retaliation conspiracies are directly related to, and occurred during, the RICO conspiracy in count one because that conduct was in furtherance of the RICO conspiracy.") (emphasis added).

For now, then, Murdock's motion to sever (doc. 226) is **DENIED**.

**SO ORDERED,** this 29th day of December, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA