IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR410-160 |
| | ) | |
| HEZEKIAH MURDOCK, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 313), to which objections have been filed (Doc. 319). After a careful de novo review, the Court concurs with the Magistrate Judge's Report and Recommendation and, for the reasons stated below, finds Defendant Murdock's objections to be without merit. The Report and Recommendation is **ADOPTED AS SUPPLEMENTED** and is the Court's opinion in this case. Accordingly, Defendants Oliver (Doc. 198) and Murdock's (Doc. 227) motions challenging the validity of the wiretap and Defendant Murdock's motion to suppress (Doc. 228) are **DENIED**.[1] The two topics of Defendant's[2] objections are addressed individually, as follows.

---

[1] This order necessarily affects Defendant Harrison's oral adoption of Defendant Murdock's wiretap challenge in the same manner.

[2] No other Defendants filed objections to the Report and Recommendation. Accordingly, "Defendant" refers only to Defendant Murdock for the remainder of this order.

First, Defendant's objections concerning the wiretap evidence are unconvincing. Defendant continues to improperly focus on the investigation of his own conduct while ignoring the larger inquiry into the alleged conspiracy as a whole. The Court again explicitly finds that Special Agent Sarhatt's forty-seven page affidavit (Doc. 227, Attach. 1) is sufficient to satisfy the statutory requirements for a wiretap. That affidavit outlines the years of investigative background, describes individuals whose conversations would likely be intercepted, summarizes prior non-wiretap phone surveillance, and details the need for wiretapping of conversations. (Id.) Importantly, the affidavit also discusses the actual or contemplated use of seven other investigative methods and analyzes why each were actually or expected to be unsuccessful. (Id. at 41-46.) Contrary to Defendant's contentions, this is not a "boilerplate" affidavit. See United States v. Weber, 808 F.2d 1422, 1424 (11th Cir. 1987) (affirming refusal to suppress evidence where an agent "had used numerous other ordinary surveillance techniques and the district court made specific findings that other investigative techniques had been exhausted"). Including more than mere general declarations and conclusory statements, this affidavit instead incorporates detailed facts and supporting conclusions that satisfy the predicates of 18 U.S.C. § 2518(c).

Defendant argues that the Government failed to sufficiently establish the necessity for a wiretap because the application affidavit contains many of the same paragraphs used in a prior case. Other courts examining this issue disagree:

> Defendant has randomly quoted portions of the affidavits in arguing the affidavits contain boilerplate statements applicable to the vast majority, if not all, drug conspiracies. Unsurprisingly, however, many drug conspiracies share similar characteristics and their investigation presents similar difficulties for law enforcement. Generalities alone are insufficient to support a wiretap application. But generalities can be made so long as they are accompanied by specific information about how these generalities apply to the particular suspects and/or particular investigation. To the extent the Government's affidavit contains some generalities, these generalities are accompanied by information pertinent to this investigation.

United States v. Martinez, 230 Fed. App'x 808, 814 (10th Cir. 2007) (unpublished) (internal quotations and citations omitted); see, e.g., United States v. Chiprez, 339 Fed. App'x 696, 699 (9th Cir. 2009) (unpublished) ("We reject the defendants' characterization of this detailed affidavit as 'boilerplate.'"); United States v. Sierra-Penaloza, 312 Fed. App'x 869, 870 (9th Cir. 2009) (unpublished) ("Assuming without deciding that some of the affidavit's statements are 'boiler plate,' read as a whole, the affidavit is still adequately supported by case-specific observations and the agent's personal experience."); United States v. Salazar, 40 Fed. App'x 476, 477

3

(9th Cir. 2002) (unpublished) ("In light of the specific, tailored discussion of the necessity justifying a wiretap . . . , any inclusion of boilerplate language in the affidavit was immaterial."); United States v. Godsey, 2010 U.S. Dist. LEXIS 136240, at *6-*7 (N.D. Ohio Dec. 14, 2010) (unpublished) ("Without question, the reasons for using electronic surveillance are often similar from case to case. There are only so many ways someone can say, 'we have not learned enough from informants, etc.' But that does not mean that an affidavit fails to show need merely because like allegations appear in similar cases."). As the Eleventh Circuit has noted, an affidavit accompanying a wiretap request need not comprehensively exhaust all possible investigative techniques and can instead "simply explain the retroactive or prospective failure of several investigative techniques that reasonably suggest themselves." United States v. Van Horn, 789 F.2d 1492, 1496 (11th Cir. 1986).

The affidavit in this case establishes the Government's required showing of necessity because of the statements contained in the "Alternative Investigative Techniques" portion of the affidavit, the background information provided therein, and the larger context of the affidavit as a whole. Other courts have accepted general language as sufficient when other

portions of the affidavit are properly detailed, as is the case here. One court stated,

> To be sure, these sections of the affidavits are framed in conclusory terminology, but they cannot rationally be separated from the preceding detailed descriptions of the investigative events. Applications are not to be read in a piecemeal fashion, and viewed as a whole the requests here delineated the reasons—which we deem ample—why other investigative techniques either had failed or would not be feasible. The Government had conducted a multifaceted five-year investigation and still was unable to secure the evidence necessary to prosecute many of the principals of the gambling operation. This, then, is not a situation in which the Government sought to employ wiretapping as a routine investigative tool; neither is it a case in which the Government relied simply on the insufficiency of alternative procedures in gambling prosecutions in general . . . . Instead, after scrutinizing the numbers activity over a long period of time by conventional techniques, the Government not unreasonably believed it needed to utilize electronic surveillance to gain enough intelligence about the nature and the scope of the operation. In short, exposure of [the] entire operation required different and more sophisticated techniques. The applications adequately set forth the basis for concluding that normal investigative procedures had been exhausted or would be unlikely to produce essential evidence, and the District Court correctly held that the statutory requirement had been satisfied.

United States v. Williams, 580 F.2d 578, 589-90 (D.C. Cir. 1978) (alteration in original) (internal citations and quotations omitted), cert. denied sub nom., Lincoln v. United States, 439 U.S. 832 (1978). Likewise, other courts have viewed the affidavit as a whole and do not consider the various sections as independent of each other. See United States v. Cantu, 625 F.

5

Supp. 656, 674 (N.D. Fla. 1985) ("Consequently, and in view of all the information supplied in the affidavit, the defendants' challenge to the wiretap on the issue of alternative investigative techniques fails."). For these and other reasons outlined in the Report and Recommendation, the necessity requirement of 18 U.S.C. § 2518(c) has been satisfied.

Finally, Defendant's objections to the search warrant portion of the report and recommendation argues insufficient probable cause, lack of particularity, and overly-broad search warrant scope. After careful consideration, these objections are without merit. Accordingly, the report and recommendation is **ADOPTED AS SUPPLEMENTED** and is the Court's opinion in this case. Defendants Oliver (Doc. 198) and Murdock's (Doc. 227) motions challenging the validity of the wiretap and Defendant Murdock's motion to suppress (Doc. 228) are **DENIED**.

SO ORDERED this 6th day of January 2011.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA